**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1822
_____


WILLIAM J. ACKERMAN,
Appellant

v.

MERCY BEHAVIOR HEALTH; RAYMOND WOLFE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2:15-cv-00304)
District Judge:  Honorable Terrence F. McVerry
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 25, 2015
Before:  FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: June 30, 2015)
_____

OPINION*
_____


PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant William James Ackerman appeals from the District Court's order dismissing his complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because we agree with the District Court and conclude that this appeal lacks arguable merit, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

On March 4, 2015, Ackerman commenced this civil action by filing a motion to proceed in forma pauperis ("IFP") and attaching a form complaint which named Mercy Behavior Health and Raymond Wolfe as Defendants. This civil action is the sixth civil action Ackerman has instituted in the United States District Court for the Western District of Pennsylvania since December of 2012,[1] and the third suit brought against these Defendants. The District Court evaluated Ackerman's financial status and, after determining that Ackerman was unable to pay the requisite filing fee, granted Ackerman's motion to proceed IFP.

The District Court then screened Ackerman's complaint pursuant to 28 U.S.C. § 1915(e)(2). As with previous complaints Ackerman had filed, the District Court

---

[1] Ackerman initiated the following civil actions between December of 2012 and March of 2013: (1) Ackerman v. Mercy Behavior Health, et al., Civ. No. 2:12-cv-01807-TFM; (2) Ackerman v. Mental Health Court, Civ. No. 2:13-cv-00173-TFM; (3) Ackerman v. Western Psychiatric Institute Clinic, et al., Civ. No. 2:13-cv-00388-TFM; (4) Ackerman v. Office of Behavior Health, et al., Civ. No. 2:13-cv-00417-TFM; and (5) Ackerman v. Mercy Behavior Health, et al., Civ. No. 2:14-cv-01199.
The complaint in No. 12-1807 was dismissed without prejudice for failure to serve the defendants within 120 days pursuant to Federal Rule of Civil Procedure 4(m). The complaints in Nos. 13-173, 13-388, 13-417, and 14-1199 were all dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Ackerman's appeal from the District Court's order dismissing his complaint as frivolous in No. 14-1199 was pending when he filed this civil action. See C.A. No. 14-4036.

concluded that there was "no logical construction of the [c]omplaint from which to derive a viable legal claim against the named Defendants[.]" Accordingly, the District Court dismissed Ackerman's complaint without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Ackerman filed a timely notice of appeal. When he was granted leave to proceed in forma pauperis on appeal, Ackerman was notified that his appeal was subject to dismissal under 28 U.S.C. § 1915(e)(2) or summary affirmance pursuant to Third Circuit Local Appellate Rule 27.4 and I.O.P 10.6. Ackerman was invited to submit written argument in support of his appeal, and he has done so. We have jurisdiction pursuant to 28 U.S.C. § 1291,[2] and we review the District Court's order dismissing the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).

The "prescreening" provisions of the Prison Litigation Reform Act authorize a district court to dismiss an action sua sponte under the federal IFP statute, codified at 28 U.S.C. § 1915, if the action is frivolous or malicious, fails to state a claim upon which

___

[2] "Generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action. Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Although the dismissal in this case was without prejudice, the District Court specifically found that Ackerman could not cure the deficiencies of the complaint by amendment. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). Thus, we have jurisdiction over this appeal.

3

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); see also 28 U.S.C. § 1915(e)(2)(B). Generally, a complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is considered factually frivolous where "the facts alleged are 'clearly baseless,'" a standard that encompasses allegations that are "'fanciful,' … 'fantastic,' … and 'delusional[.]'" Denton, 504 U.S. at 32-33 (citing Neitzke, 490 U.S. at 325, 327-28). It is appropriate to make a finding of factual frivolousness "when the facts alleged rise to the level of the irrational or the wholly incredible[.]" Denton, 504 U.S. at 33.

We agree that the complaint lacks an arguable basis in law or fact, and we therefore hold the District Court did not abuse its discretion in dismissing Ackerman's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). See Neitzke, 490 U.S. at 325. The complaint asserts that the District Court had federal question jurisdiction pursuant to 28 U.S.C. § 1331 on the basis of "all the mental health, whistleblower laws, civil rights, ADA act [sic], labor laws, [and] any laws Mercy thinks they can get away with[.]" Ackerman broadly alleges that his claims arise from the manner in which he and other patients are treated while in the care of Mercy Behavior Health. However, Ackerman does not provide factual allegations from which we can infer a viable legal claim. While he asserts that he has witnessed staff from Mercy Behavior Health mentally abuse patients and have sex with patients, Ackerman does not provide names, dates, or

4

any further details to support those allegations, nor does he allege that he has been harmed in any way by staff at Mercy Behavior Health. Rather, he moves on to describe Mercy's alleged failure to provide patients with voting rights, job rights, a newspaper, and a new building. Ackerman also states that he seeks to end all of Mercy's acts of slavery toward patients. As relief, he seeks five to twenty-five million dollars, as well as a new building, new vans, a smoke room, back pay, a patient advocate, a church, a mental health library, a patient leadership program, staff training on sexual abuse, voluntary polygraph testing, and the formation of a patient union.

The precise legal claim Ackerman is attempting to assert in the complaint is difficult to decipher. The complaint is unfocused and disjointed; even construing the complaint liberally, we find no factual allegations from which we can reasonably infer that Ackerman has (or could have) an actionable claim for relief.[3] Rather, his allegations squarely fit within the class of "clearly baseless" allegations that a District Court may dismiss as factually frivolous. See Denton, 504 U.S. at 32-33. Accordingly, we agree with the District Court that there is no logical construction of the complaint from which to derive a viable legal claim, and we hold that the District Court did not abuse its

---

[3] We have thoroughly reviewed all of the submissions filed by Ackerman in support of his appeal and find that none of these documents address the issues relevant to the appeal, which concerns the propriety of the District Court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(i). One of Ackerman's submissions is almost entirely a list of proposed polygraph questions for employees of Defendant Mercy Behavior Health. The remaining submissions are rambling, disjointed, and difficult to decipher – much like the complaints and written submissions Ackerman has filed in the District Court and in this Court in each of his various civil actions and appeals.

discretion by dismissing the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

As there is no arguable basis for this appeal, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).